UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOYD ED GRAVES,<br><br>    Plaintiff,<br><br>  v.<br><br>DEP'T OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | Civil Action 09-522 (HHK) |

**MEMORANDUM OPINION**

This matter is before the court on the defendant's motion for summary judgment, to which the plaintiff has not responded. For the reasons stated, the motion for summary judgment will be granted.

I. BACKGROUND

Plaintiff directed a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the defendant agency, the U.S. Department of Health and Human Services, seeking Progress Reports #14 and #15 of the U.S. Special Virus Program related to the AIDS virus. The agency's searches did not locate the requested documents. *See* Def.'s Statement of Material Facts Not in Genuine Dispute, ¶¶ 3-4. When the plaintiff appealed the search, the agency searched further, but still found no responsive documents. *Id.* ¶¶ 7-10. The plaintiff filed this suit. While this suit was pending, the agency searched again using different search terms, which allowed it to locate Report #15. *Id.* ¶ 11. The responsive document was released in full to the plaintiff. *Id.* ¶ 12. The agency did not find Report #14 and notified plaintiff of that fact. *Id.*

The defendant agency then filed a motion for summary judgment, describing in detail the scope and design of its searches for the documents and the results.  *See* Decl. of Susan R. Cornell, June 4, 2009, filed with Def.'s Mot. for Summ. J.  The court notified the plaintiff of his obligation to respond to the defendant's dispositive motion by July 22, 2009.  *See* Order, June 25, 2009.  The Plaintiff has not filed a response or sought additional time to do so.  Therefore, the Court will rule on the motion based on the record before it.

## II.  ANALYSIS

In determining a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion."  Local Civil Rule 7(h).  The court therefore treats the defendant's statement of material facts as admitted.  Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that it conducted a search of records in its custody or control, *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150-51 (1980), that was reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure, *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001).  To show that its search "us[ed] methods which can be reasonably expected to produce the information requested," *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998), the agency may submit

affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search, *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.  *Perry,* 684 F.2d at 127.  A search need not be exhaustive, *Miller v United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985), and the adequacy of a search is not determined by its results, but by the method of the search itself, *Weisberg,* 745 F.2d at 1485.  An agency's failure to find a particular document does not necessarily indicate that its search was inadequate.  *Wilbur v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

    On the record before the court, it is undisputed that the defendant conducted multiple electronic and manual searches of various files, using various search terms.  The search produced one of the two requested documents.  The plaintiff has not offered any evidence to challenge the reasonableness of the search.  It is also undisputed that the defendant did not claim any exemptions, but released in full the only responsive document it located.  Accordingly, in light of its undisputed sworn statement establishing that the search was reasonable, the defendant is entitled to judgment as a matter of law.  A separate order accompanies this memorandum opinion.

                                                    /s/
                                    Henry H. Kennedy, Jr.
Date:  September 9, 2009          United States District Judge